UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT, et al.,

      Plaintiffs,

    v.

CENTRAL INTELLIGENCE AGENCY, et al.,

      Defendants.

Civil Action No. 25-0779 (CJN)

**ANSWER**

Defendants, Central Intelligence Agency ("CIA"), Department of Defense ("Department"), and Office of the Director of National Intelligence ("ODNI") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiffs James Madison Project and Brian J. Karem (collectively "Plaintiffs") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

The first unnumbered paragraph consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that Plaintiffs bring this action under FOIA seeking a response.

## JURISDICTION AND VENUE[1]

1.      The allegations contained in paragraph 1 consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving a proper FOIA request, subject to the terms and limitations of FOIA.

2.      The allegations in paragraph 2 consist of conclusions of law regarding venue to which no response is required.  To the extent that a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

3.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Defendant CIA admits it is an "agency," within the meaning of 5 U.S.C. § 552(f)(1), and that it is subject to the FOIA.  The remainder of the allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.

---

[1]      For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

6. Defendant ODNI admits it is an "agency," within the meaning of 5 U.S.C. § 552(f)(1), and that it is subject to the FOIA. The remainder of the allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.

7. Defendant the Department admits it is an "agency," within the meaning of 5 U.S.C. § 552(f)(1), and that it is subject to the FOIA. The remainder of the allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.

## FACTS

8. Paragraph 8 contains a characterization of Plaintiffs' action, to which no response is required. To the extent that a response is deemed required, Defendants admit only that Plaintiffs bring this action under FOIA.

9. Paragraph 9 consists of Plaintiffs' characterization of a "redacted copy of the 2025 ICA," a document that Plaintiffs purport to have accessed on the internet, to which no response is required. Defendants aver that the cited document is the best evidence of its contents and respectfully refer the Court to the cited document for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

10. Paragraph 10 consists of Plaintiffs' characterization of the 2025 ICA document referenced in Paragraph 9, to which no response is required. Defendants aver that the cited document is the best evidence of its contents and respectfully refer the Court to the cited document for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

11. Paragraph 11 contains a characterization of Plaintiffs' action, to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information

sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**FIRST CAUSE OF ACTION (DISCLOSURE)**

12. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

13. Defendants CIA and ODNI admit that Plaintiffs submitted a FOIA request to the CIA and ODNI by letter dated January 9, 2025. The remaining allegations in this paragraph consist of Plaintiffs' characterization of their FOIA request, to which no response is required. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

14. Defendant the Department admits only that Plaintiffs submitted a FOIA request dated January 10, 2025, to the Defense Intelligence Agency ("DIA") but denies that Plaintiffs submitted a FOIA request to the Department. The remaining allegations in this paragraph consist of Plaintiffs' characterization of their FOIA request, to which no response is required. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

15. Defendants deny the allegations in this paragraph. Defendant CIA avers that it acknowledged receipt of Plaintiffs' January 9, 2025, FOIA request, by letter dated January 21, 2025, that it assigned Plaintiffs' FOIA request tracking number F-2025-00871, and that it is still

4

in the process of evaluating Plaintiffs' FOIA request. Defendant the Department avers that it did not receive a FOIA request from Plaintiffs.

16.     Defendants admit only that a letter dated January 17, 2025, was emailed to Plaintiffs from DIA. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

17.     Defendant ODNI admits that it emailed a final response to Plaintiffs' FOIA request on January 17, 2025. Defendants aver that the final response is the best evidence of its contents and respectfully refer the Court to the final response for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

18.     Defendant ODNI admit that it received Plaintiffs' appeal on January 17, 2025 (though misdated January 27, 2025). Defendants aver that Plaintiffs' appeal is the best evidence of its contents and respectfully refer the Court to Plaintiffs' appeal for a complete and accurate statement of its contents and deny any inconsistent allegations in this paragraph.

19.     Defendant ODNI admits the allegations in this paragraph.

20.     The allegations in paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## **PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to them through the course of the litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## THIRD DEFENSE

Plaintiffs have failed exhaust administrative remedies for some of their FOIA requests.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts.*

*Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

### SEVENTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

### EIGHTH DEFENSE

As to some or all of the requests, Defendants conducted an adequate search for documents responsive to Plaintiffs' FOIA requests and Plaintiffs' FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

### NINTH DEFENSE

As to some or all of the requests, Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiffs' FOIA requests.

### TENTH DEFENSE

Plaintiff did not submit a FOIA request to the Department, nor did it exhaust such a request.

## ELEVENTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.


Dated: May 30, 2025                               Respectfully submitted,
      Washington, DC

JEANINE FERRIS PIRRO
United States Attorney

By:        */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    Assistant United States Attorney
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*