**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JAMES MADISON PROJECT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OFFICE OF DIRECTOR OF NATIONAL INTELLIGENCE, et al.,<br><br>    Defendants. | Civil Action No. 25-0779 (CJN) |

## JOINT STATUS REPORT

Plaintiffs, James Madison Project and Brian J. Karem (collectively "Plaintiffs"), and

Defendants, Office of the Director of National Intelligence ("ODNI"), Central Intelligence Agency

("CIA") and Department of Defense ("DoD") (collectively "Defendants"), through counsel,

respectfully submit this Joint Status Report (JSR) for the Court's consideration.

1.    This is a Freedom of Information Act ("FOIA") case. Plaintiffs filed their

Complaint on March 17, 2025 (ECF No. 1), and Defendants filed their Answer on May 30, 2025

(ECF No. 6). This case concerns FOIA requests Plaintiffs submitted to the ODNI and CIA on

January 9, 2025, and purportedly to DoD on January 10, 2025, seeking "the production of an

unredacted copy of the updated Intelligence Community Assessment ("2025 ICA") on

[Anomalous Health Incidents ("AHI")] regarding which an unclassified summary was publicly

issued on January 10, 2025." Compl. (ECF No. 1).

2.    Prior to filing the Complaint, by letter dated January 17, 2025, and e-mailed to the

Plaintiffs, ODNI notified the Plaintiffs it had located one responsive document totaling thirty-six

pages, which it released in part, and withheld portions on the basis of FOIA Exemptions (b)(1) and

(b)(3). *See* Pls.' Exhibit "1". Plaintiffs report that by letter dated January 17, 2025 (though

misdated January 27, 2025), which was submitted via e-mail, they timely appealed the ODNI's decision to withhold information from the ICA and noted that the release to the Plaintiffs had redacted information that had already been publicly released.

3.    The parties disagree on the next steps in this case and provide their separate position below:

<u>**PLAINTIFFS' POSITION**</u>

4.    First, with respect to DoD, it has been brought to the Plaintiffs' counsels' attention that the submitted FOIA request was never received. Pursuant to discussions between counsel for the Parties, and based on DoD's affirmation that "to the extent they have possession of the document it would be referred to ODNI for direct release," i.e., there is no reason to have DoD in this case as an independent Defendant, the Plaintiffs are willing, and will take the necessary steps, to voluntarily dismiss it as a Defendant. The Parties agree that this will be without prejudice.

5.    Second, the Plaintiffs respectfully request that the Court convene a Status Conference (via video is perfectly fine if acceptable to the Court) at its earliest convenience to discuss and determine the next steps in this case, which the Plaintiffs believe should be the establishment of a summary judgment briefing schedule. This case has already been pending for nearly four months with absolutely no substantive action by the Defendants. The record at issue is a mere thirty-six pages in length. There are no search issues involved. The only dispute is whether additional information should be produced or not, which will be determined by the usual summary judgment process (sworn declarations, <u>Vaughn</u> Index, etc). Alternatively, if the Court determines sufficient information has been provided within this Joint Status Report, it is respectfully requested that a reasonable briefing schedule be set as follows:

Defendants' Summary Judgment Motion                    August 15, 2025
Plaintiffs' Opposition/any Cross-Motion                September 15, 2025
Defendants' Reply/any Cross-Motion Opposition          October 15, 2025
Plaintiffs' Cross-Motion Reply                         October 30, 2025

6.     Third, the Defendants dispute the appropriateness of summary judgment briefing at this time. Instead, they wish to unnecessarily prolong the process, which the Plaintiffs respectfully request be rejected by the Court. The Plaintiffs' counsel has been informed that "ODNI is reviewing their initial response to determine if it is able to lift any redactions and the review process involves outstanding consults with other agencies." Additionally, that "CIA reports that it has completed its search and has identified one record responsive to Plaintiffs' FOIA request. CIA is currently processing this record and anticipates completing its review within 90 days. Thereafter, CIA anticipates referring this document to external agency partners for consultation."

7.     With respect to ODNI's position, the 2025 ICA is an Intelligence Community document controlled by ODNI. The Plaintiffs have been down this similar path before with these Defendants concerning related information on AHIs. *See e.g., JMP et. al. v. ODNI et al.*, Civil Action No. 23-3457 (D.D.C.)(APM)(AHI ODNI whistleblower complaint, fully briefed since April 14, 2025, and awaiting ruling); *JMP et. al. v. ODNI*, Civil Action No. 22-00674 (D.D.C.)(TNM)(completed FOIA case for 2023 ICA report); *JMP et al. v. CIA*, Civil Action 22-0321 (D.D.C.)(CJN)(FOIA case for CIA AHI assessment, fully briefed since February 2, 2023, and awaiting ruling). Upon information and belief, there are few, if any, additional agencies whose consultative decisions are required before Defendant ODNI can render further withholding decisions, or that would preclude summary judgment briefing at this time. The Plaintiffs anticipated ODNI's position and that is why separate requests for the identical document were submitted to CIA, DoD and the Defense Intelligence Agency (which responded that no independent record was in its position that was different from the ODNI produced record so it was

3

not included in this litigation), and these agencies are Defendants. DoD is being dismissed as a Defendant specifically because it has indicated its participation is not independently necessary for purposes of the withholding determinations. While the Plaintiffs oppose the need to delay this litigation due to consultations, if the Defendants are going to rely on the need for consultations, they should be required to (a) identify the specific agencies involved, (b) identify the specific text area of the 2025 ICA that is tied to the specific agencies, and (c) propose specific deadlines for the completion of the consultations. This was the procedure followed in *JMP et. al. v. ODNI et al.*, Civil Action No. 23-3457.

8.      With that said, the FOIA request at issue was submitted almost six months ago. This lawsuit was filed nearly four months ago. There has been ample time for Defendant ODNI to coordinate and consult with any other agencies whose equities may conceivably be contained within the 2025 ICA. The steps that needed to be taken in this FOIA lawsuit are not new ones. That ODNI has seemingly failed to undertake any forward moving steps should not be rewarded. Regardless, the Plaintiffs are absolutely unwilling to allow ODNI to waste additional time as it contemplates – with no guaranteed promises of any sort – whether it will possibly disclose further text from within the 2025 ICA. This is exactly what the summary judgment process allows for as the Defendants determine their final litigation positions. If the Defendants decide to release additional information, the Plaintiffs welcome that occurrence. But let that decision accompany their Motion for Summary Judgment with respect to the withholdings it determines are exempt under FOIA from release.

9.      The CIA position is even more a non-starter for the Plaintiffs. A final copy of the 2025 ICA was already released. Pls.' Exhibit "1". There is no other record at play in this litigation. It is the *exact* same document. There is no further processing or withholding

4

determinations CIA needs ninety days to render. As with ODNI, if CIA wishes to release further information, the Plaintiffs welcome the transparency. Otherwise, CIA, along with ODNI, can defend its withholdings in a Motion for Summary Judgment.

10.    In closing, legal analysis concerning "consultations" are irrelevant when the facts demonstrate none are needed given the posture of the case, and the single document in question. The likelihood that the Defendants will decide to release additional and sufficient information from within the 2025 ICA that will satisfy the Plaintiffs is virtually non-existent. There is no need to waste further time in this litigation and the merits of the dispute should respectfully be litigated now through routine summary judgment briefing. Plaintiffs' counsel is more than willing to discuss these arguments and provide further analysis at a Status Conference or upon request of the Court.

## DEFENDANTS' POSTION

### Status of FOIA Requests

11.    In terms of DoD, as Plaintiffs mentioned above (*supra* ¶ 1), Plaintiffs were informed that DoD did not receive the FOIA request at issue in the Complaint and thus, not a proper party in this matter. Rather, than burdening the Court with briefing this issue at this time, the parties conferred, and Plaintiffs agreed to voluntarily dismiss all claims against DoD and filed the stipulation after the parties filed the first status report. To the extent Plaintiffs fail to file a voluntary stipulation of dismissal in a reasonable amount of time, DoD reserved the right and will file a dispositive motion.

12.    In terms of CIA and ODNI, Plaintiffs submitted two separate FOIA request to each agency and production is not complete. Namely, in terms of CIA, CIA has completed its search and has identified one record responsive to Plaintiffs' FOIA request. CIA is currently processing

5

this record and anticipates completing its review within 90 days. Thereafter, CIA anticipates referring this document to external agency partners for consultation. And, in terms of ODNI, ODNI is reviewing their initial response to determine if it is able to lift any redactions and the review process involves outstanding consults with other agencies.

**Response to Plaintiffs' Grievance Regarding the Consultation Process**

13.     Plaintiffs' claim that Defendants "wish to unnecessarily prolong the process" and demands that Defendants "(a) identify the specific agencies involved, (b) identify the specific text area of the 2025 ICA that is tied to the specific agencies, and (c) propose specific deadlines for the completion of the consultations" (*supra* ¶ 6). Plaintiffs' assertions are meritless and on the current record, Plaintiffs are not entitled to such relief. This matter has been pending for less than four months. Thus, the Court deny Plaintiffs' requests, including that Defendants identify the specific agencies and provide their response for the records pending consultation by a date certain.

14.     Defendants share Plaintiffs' desire to move this case along, and Defendants assure Plaintiffs and the Court that they are endeavoring to ensure timely resolution of this action. Defendants will provide their response to Plaintiffs as soon as possible, which can only be done once the consultation process is completed, as other entities' input is required to properly determine what portions of the responsive records are exempt and must properly be withheld to serve the public interest, but that process takes time and should not be truncated, given the "important interests" at stake. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) ("FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.' So, just as we cannot properly expand Exemption 4 beyond what its terms permit, we cannot arbitrarily constrict it either by adding limitations found nowhere in its

terms." (citations omitted)). It is well understood and recognized by the FOIA statute that consultations can have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which agencies can invoke unusual circumstances and extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III); *ACLU of Mass., Inc. v. CIA*, No. 22-11532, 2023 WL 3394485, at \*7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). Tellingly, neither the FOIA statute nor the Agency regulations specify a date certain by which another component or agency must complete a consultation. *See generally* 5 U.S.C § 552(a)(6)(B)(iii)(III); 32 C.F.R. § 1700 (ODNI FOIA regulations); 32 C.F.R. § 1900 (CIA FOIA regulations).

15.    Significantly, the agencies are taking the "affirmative step" of following up with the other Executive Branch entities reviewing these records as part of the consultation process. *See Hall v. CIA*, 668 F. Supp. 2d 172, 182 (D.D.C. 2010) (concluding, in the analogous context of FOIA referrals, that an agency should "take affirmative steps to ensure that its referrals are being processed"). Defendants cannot control the other entities' workflow or compel another entity to prioritize the consultations over other requests. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976) (to ensure fairness amongst requesters, courts should not enable plaintiffs to "gain[] access to Government records ahead of prior applicants for information" unless "a genuine need and reason for urgency" is shown by the plaintiff); *accord id.* at 615 ("Congress intended to guarantee access to Government agency documents on an equal and fair basis"). Defendants will, however, continue to follow up with the other entities and will provide their response once the consultation process is completed.

**Summary Judgment Briefing is Premature**

As it relates to a briefing schedule, this matter is not ripe for summary judgment briefing and the Court should deny Plaintiffs' request to engage in potentially incremental and repeated, piecemeal ligation and defer ordering a briefing schedule. Piecemeal litigation is rightfully and repeatedly discouraged in FOIA litigation and inconsistent with how this Court adjudicates FOIA cases. *See, e.g.*, Aug. 23, 2022, Min. Order, *Greenspan v. Dep't of Transp.*, Civ. A. No. 22-0280 (DLF) (D.D.C.) ("Nor will the Court order the defendant to prove the confidential nature of its redactions at this time, as the Court will not engage in piecemeal litigation on the application of FOIA exemptions while production is actively ongoing."); Feb. 4, 2022, Min. Order, *Kanter v. Dep't of Health & Hum. Servs.*, Civ. A. No. 21-1820 (BAH) (D.D.C.) ("[B]riefing would result in piecemeal, inefficient consideration of issues related to the claims in this case[.]"); Apr. 16, 2018, Min, Order, *Protect Democracy Project, Inc. v. Nat'l Sec. Agency*, Civ. A. No. 17-1000 (CKK) (D.D.C.) ("The Court observes that it is strongly disinclined to resolve portions of this Freedom of Information Act case on a piecemeal basis prior to completion of all processing and production."); Dec. 13, 2022, Min. Order, *James Madison Project v. CIA*, Civ. A. No. 19-0609 (BAH) (D.D.C.) (similar); June 23, 2015, Min. Order, *Accuracy in Media, Inc. v. Dep't of Def.*, Civ. A. No. 14-1589 (EGS) (D.D.C.) ("The plaintiff in this case has filed a series of motions that are, in the Court's view premature and unnecessarily piecemeal…The plaintiff chose to file this case against a number of defendants and including a number of potential legal and factual issues, and to file it in a single case. The Court intends to treat the case as such."); *Trea Senior Citizens League v. Dep't of State*, 923 F. Supp. 2d 55, 60 n.4 (D.D.C. 2013) (advising that a summary judgment motion should address "all of the documents at issue to avoid piecemeal litigation."). This Court should reaffirm its standard practices in FOIA litigation and prevent Plaintiffs from

engaging in potentially incremental and repeated, piecemeal litigation while processing and production remains ongoing.

**Proposed Next Steps**

16.    The Court should deny Plaintiffs' request for a status conference because Plaintiffs have not provided any reason why a status conference should be held, and status conference is not warranted. Plaintiffs attempt to waste limited judicial resources and the Court's and parties' time. Indeed, there is nothing that can be added during a status conference that has not already been stated in this report.

17.    For the next steps, Defendants propose the Court order the parties to file another status report on or before August 27, 2025, updating the Court on Defendants' response to Plaintiffs' FOIA requests.

Dated: June 30, 2025                                Respectfully submitted,

                                                    JEANINE FERRIS PIRRO
                                                    United States Attorney

*s/Mark S. Zaid*
MARK S. ZAID, ESQ.
BRADLEY P. MOSS, ESQ.                               By: /s/*Stephanie R. Johnson*
Law Offices of Mark S. Zaid, P.C.                       STEPHANIE R. JOHNSON,
1250 Connecticut Avenue, N.W.                           D.C. Bar # 1632338
Suite 700                                               Assistant United States Attorney
Washington, D.C. 20036                                  601 D Street, N.W.
(202) 498-0011                                          Washington, D.C. 20530
Mark@MarkZaid.com                                       (202) 252-7874
Brad@MarkZaid.com                                       Stephanie.Johnson5@usdoj.gov

*Counsel for Plaintiffs*                             *Attorneys for the United States of America*

9