UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES MADISON PROJECT, et al.,

          Plaintiffs,

    v.

OFFICE OF DIRECTOR OF NATIONAL
INTELLIGENCE, et al.,

          Defendants.

Civil Action No. 25-0779 (CJN)

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

Defendants Office of the Director of National Intelligence ("ODNI") and Central Intelligence Agency ("CIA") (collectively "Defendants"), by and through their counsel, respectfully submit this opposition to the motion for status conference (ECF No. 9) filed by Plaintiffs James Madison Project and Brian J. Karem (collectively "Plaintiffs"), in this Freedom of Information Act ("FOIA") case.

**ARGUMENT**

This case concerns FOIA requests Plaintiffs submitted to Defendants on January 9, 2025, seeking "the production of an unredacted copy of the updated Intelligence Community Assessment ("2025 ICA") on [Anomalous Health Incidents ("AHI")] regarding which an unclassified summary was publicly issued on January 10, 2025."  Compl. (ECF No. 1).

Plaintiffs ask this Court for a status conference.  *See generally* Pl.'s Mot. (ECF No. 9). Plaintiffs argue that they are unaware if anything has occurred with this matter, "did everything possible to try and jump start this case with the Defendants in advance of contacting the Court,"

and believe that Defendants are intentionally slow-rolling their obligations under FOIA to process and release all non-exempt information. *Id.* at 2–3. Plaintiffs are wrong.

Contrary to Plaintiffs' assertions, Plaintiffs are aware of the status of this FOIA matter. Each time Plaintiffs' counsel reached out to the undersigned counsel, the undersigned counsel responded. For example, on January 27, 2026, the undersigned responded to Plaintiffs' counsel email and stated that the documents require equity review, and some remain outstanding on consultation. Also, undersigned counsel informed Plaintiffs' counsel that once the consultation process is completed and the agency completes the re-review process, they will issue a response. Also, in a letter dated February 9, 2026, the CIA informed Plaintiffs that it completed a review of the requested document and referred the document to ODNI for further review and/or treatment and ODNI will respond directly to you regarding this document. While Plaintiffs are dissatisfied with Defendants' response or the pace of processing, they have been informed of the status of the FOIA requests.

Defendants report that consultations are ongoing, and ODNI is taking the "affirmative step" of following up with the other equity entities reviewing the records as part of the consultation process. *See Hall v. CIA*, 668 F. Supp. 2d 172, 182 (D.D.C. 2010) (holding, in the parallel context of FOIA referrals, that an agency should "take affirmative steps to ensure that its referrals are being processed."). ODNI cannot control the other entities' workflow or compel another entity to prioritize this consultation over other requests. Nonetheless, ODNI will continue to follow up with the other entities and will provide its response once the consultation process is completed.

It is well understood and recognized by FOIA that interagency consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which

agencies can invoke unusual circumstances and extend the time to respond.   5 U.S.C § 552(a)(6)(B)(iii)(III); *see also ACLU of Mass., Inc. v. CIA*, No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies.").   The statute does not specify a date certain by which the component or agency must complete a consultation.

Also, for example, in *National Public Radio, Inc. v. Department of Treasury*, Civil A. No. 19-0017 (JDB), 2021 WL 1850696, at *1 (D.D.C. Mar. 31, 2021), a requester moved to compel the Department of the Treasury to produce records notwithstanding the agency's outstanding interagency consultation requests.   Considering "the countervailing interests at stake which may require input from agencies outside Treasury," the Court declined to order the government to produce the records that remained under consultation.   *Id*. at *1–2.   Further, the dispute about the pace of the consultation in that case came two years and two months after that plaintiff had filed suit and more than three years since the FOIA request had been submitted, whereas here Plaintiffs' lawsuit has been pending for less than a year, *see* Compl. (ECF No. 1).   Plaintiffs' request is therefore even less meritorious than the motion filed in *National Public Radio*.

Also, Defendants share Plaintiffs' desire to move this case along, and Defendants assure Plaintiffs and the Court that it is endeavoring to ensure a timely resolution of this action. Defendants firmly reject any suggestion that they are delaying this matter.   ODNI has been in constant communication with the equity holders, and those equity holders are working to complete the consultations as expeditiously as possible.   ODNI will provide its response to Plaintiffs as soon as possible, which can only be done once the consultation process is completed.   Once a final response is issued, Defendants will attempt to cooperatively work with Plaintiffs to narrow or resolve any substantive issues of disagreement and, if necessary, propose a briefing schedule.

Defendants respectfully submit that it is premature for the Court to intervene and asks that the Court deny Plaintiffs' request for status conference. Plaintiffs provide no explanation about what more Defendants could address that has not already been provided in this response. In lieu of requiring the parties to appear for a status conference, Defendants propose that the Court order Defendants to file a status report on or before May 21, 2026, updating the Court on the outstanding consults and ODNI's processing of Plaintiffs' FOIA request. Defendants will also continue to confer with Plaintiffs in good faith as to the pace of ODNI's processing.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion.

Dated: February 20, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:         */s/Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MADISON PROJECT, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>OFFICE OF DIRECTOR OF NATIONAL INTELLIGENCE, et al.,<br><br>      Defendants. | Civil Action No. 25-0779 (CJN) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' motion for status conference, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED, and it is further

ORDERED that Defendants file a status report on or before May 21, 2026, updating the Court on the outstanding consults and ODNI's processing of Plaintiffs' FOIA request.


SO ORDERED:


_____                    _____
Date                                          Carl J. Nichols
                                              United States District Judge

- 5 -