UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES MADISON PROJECT, et al.,

Plaintiffs,

v.

OFFICE OF DIRECTOR OF NATIONAL
INTELLIGENCE, et al.,

Defendants.

Civil Action No. 25-0779 (CJN)

## JOINT STATUS REPORT

Pursuant to the Court's March 16, 2026 Minute Order, Plaintiffs, James Madison Project and Brian J. Karem (collectively "Plaintiffs"), and Defendants, Office of the Director of National Intelligence ("ODNI") and Central Intelligence Agency ("CIA") (collectively "Defendants"), through counsel, respectfully submit this Joint Status Report.

1.    This is a Freedom of Information Act ("FOIA") case. This case concerns FOIA requests Plaintiffs submitted to the ODNI and CIA on January 9, 2025, seeking "the production of an unredacted copy of the updated Intelligence Community Assessment ("2025 ICA") on [Anomalous Health Incidents ("AHI")] regarding which an unclassified summary was publicly issued on January 10, 2025."  Compl. (ECF No. 1).

2.    The status of each response to Plaintiffs' FOIA requests and the parties' respective positions are below:

**Plaintiffs' Position**

3.    This simple FOIA case is now nearly fourteen months old, and it has little to show for it. The single partially-redacted record in question still remains from the day it was requested from the Defendants on January 9, 2025, just thirty-six pages in length. Indeed, the Plaintiffs can

continue to rely on their previous positions set forth in the Joint Status Report submitted to the Court on June 30, 2025 (Dkt. 7) as the issues and expressed concerns are identical.

4.    If the agencies to which ODNI has referred the single document are not already Parties to this case, they should be identified and will be named as Defendants in an Amended Complaint thereby addressing the claim that ODNI is powerless to compel another agency to work. Alternatively, the Plaintiffs can seek to name "Doe Agency" if the Defendants refuse to identify the agency by name. But the fact remains that the burden to see that these consultations are timely resolved lies with ODNI and CIA. See e.g. Hall v. CIA, 668 F. Supp. 2d 172, 182 (D.D.C. 2010) (instructing agency to "take affirmative steps to ensure that its referrals are being processed"); Hronek v. DEA, 16 F. Supp. 2d 1260, 1272 (D. Or. 1998)(noting that, with respect to records referred to nonparty agencies, "the ultimate responsibility for a full response lies with the [referring] agencies"), aff'd, 7 F. App'x 591 (9th Cir. 2001). In fact, upon information and belief, it is understood that the information in question in this single document substantially, if not almost in its entirety, falls within the release authority of Defendants ODNI and CIA. The Plaintiffs do raise the question of whether the Defendants are using the consultation process with respect to what amounts to very little information in the document to delay this case and the production of the requested record.

5.    The Plaintiffs respectfully request that the Court order the Defendants to complete processing and release all non-exempt portions of the single thirty-six page record by on or before May 31, 2026. Alternatively, a Joint Status Report should be required every thirty days to report on the ongoing process.

2

**Defendants' Position**

6. In terms of CIA's response to the FOIA request, as previously noted, in a letter dated February 9, 2026, the CIA informed Plaintiffs that it completed a review of the requested document, referred the document to ODNI for further review and/or treatment, and that ODNI would respond directly to Plaintiffs regarding the document. *See* Defs.' Opp'n (ECF No. 11) at 2.

7. In terms of ODNI's response to the FOIA request, ODNI reports that the document responsive to Plaintiffs' FOIA request requires equity review from three entities and responses remaining outstanding. As a matter of agency practice, ODNI does not identify the name of the Executive Branch entity when it is involved in the FOIA consultation process.[1] ODNI also cannot control the other entities' workflow or compel another entity to prioritize the consultations over other requests, so it is difficult to estimate how long the consultation process will take or commit to certain release dates. Significantly, the ODNI is taking the "affirmative step" of following up with the other Executive Branch entities reviewing these records as part of the consultation process. *See Hall*, 668 F. Supp. 2d at 182 (concluding, in the analogous context of FOIA referrals, that an agency should "take affirmative steps to ensure that its referrals are being processed"). ODNI will provide its response to Plaintiffs' FOIA request as soon as possible, which can only be done once the consultation process is completed, as other entities' input is required to properly determine what portions of the responsive records are exempt and must properly be withheld to serve the public interest, but that process takes time and should not be truncated. ODNI will continue to actively work with equity holders to complete the consultation process as efficiently as possible.

---

[1] To the extent Plaintiffs attempt to amend the complaint, Defendants will oppose any amendments to the operative complaint to include any new defendants or claims.

8.      Also, to avoid repetition, Defendants also incorporate by reference their arguments relating to the pace of consultations in the Joint Status Report (ECF No. 7) and Opposition to Plaintiffs' Motion (ECF No. 11).

9.      For the next steps, the Defendants propose the Court order the parties to file another status report on July 30, 2026, updating the Court on Defendants' response to Plaintiffs' FOIA requests.

*      *      *

Dated:  April 30, 2026

*/s/Mark S. Zaid*
MARK S. ZAID, ESQ.
BRADLEY P. MOSS, ESQ.
Law Offices of Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

*Attorneys for Plaintiffs*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Stephanie R. Johnson*
       STEPHANIE R. JOHNSON,
       D.C. Bar # 1632338
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-7874
       Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

4